UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENEVIEVE DELICE,

    Plaintiff,

v.

CASE NO.:

UNIVERSAL STUDIOS HOTEL II LLC,
a Foreign Limited Liability Company d/b/a
UCF HOTEL VENTURE II d/b/a CABANA
BAY BEACH RESORT; LOHP II, LLC, a Foreign
Limited Liability Company, d/b/a HOTEL
VENTURE II d/b/a CABANA BAY BEACH RESORT;
LOEWS ORLANDO HOTEL PARTNER LLC,
a Foreign Limited Liability Company; and,
LOEWS ORLANDO OPERATING COMPANY,
INC., a Foreign Profit Corporation

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GENEVIEVE DELICE, ("Plaintiff"), by and through her undersigned counsel hereby files this Complaint and Demand for Jury Trial against UNIVERSAL STUDIOS HOTEL II LLC, a Foreign Limited Liability Company d/b/a UCF HOTEL VENTURE II d/b/a CABANA BAY BEACH RESORT; LOHP II LLC, a Foreign Limited Liability Company, d/b/a HOTEL VENTURE II d/b/a CABANA BAY BEACH RESORT; LOEWS ORLANDO HOTEL PARTNER LLC, a Foreign Limited Liability company; and, LOEWS ORLANDO OPERATING COMPANY, INC., a Foreign Profit Corporation, (collectively "Defendants"), and alleges as follows:

1

## Jurisdiction and Venue

1. This is an action for damages by Plaintiff against her former employer, collectively Defendants, for violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, for interference and retaliation. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Local Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this district because a substantial part of the events giving rise to the instant action occurred in Orange County, Florida. At all times material to this action, Defendants have conducted substantial, continuous and systematic commercial activities in Orange County, Florida.

## General Allegations

3. Plaintiff is an individual *sui juris* residing in Orange County, Florida.

4. Defendant UCF HOTEL VENTURE II d/b/a CABANA BAY BEACH RESORT d/b/a UCF HOTEL VENTURE II d/b/a CABANA BAY RESORT is a Foreign Limited Liability Company doing business in Orange County, Florida.

5. Defendant LOHP II, LLC d/b/a HOTEL VENTURE II d/b/a CABANA BAY BEACH RESORT is a Foreign Limited Liability Company doing business in Orange County, Florida.

6. Defendant LOEWS ORLANDO HOTEL PARTNER, LLC is a Foreign Limited Liability Company doing business in Orange County, Florida.

7. Defendant LOEWS ORLANDO OPERATING COMPANY, INC., is a Foreign Profit Corporation doing business in Orange County, Florida.

8. Defendants are covered employers as contemplated by the FMLA.

9. At all relevant times, Defendants employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year within seventy-five (75) miles of Plaintiff's work locations.

10. Plaintiff began working for Defendants in March 2015 until she was terminated on or around November 18, 2018.

11. At all times relevant hereto, Plaintiff was eligible for FMLA leave as a primary caregiver for her father and having worked for Defendants for at least 1,250 hours during the twelve (12) month period immediately preceding her need for leave.

12. Plaintiff's father suffered from a serious health condition which required a caregiver and ongoing medical attention. Plaintiff's father was living in Haiti. This required Plaintiff to leave the country in order to care for her father.

13. Due to the nature of father's serious health condition, Plaintiff required leave in or around September 2018 to properly care for him. Plaintiff applied for FMLA leave a month in advance in or around August 2018.

14. The FMLA forms given to Plaintiff could not be signed by the appropriate doctor and sent to Defendants until her arrival in Haiti, as Plaintiff's father's doctor was located there.

15. Defendants also failed to provide Plaintiff with a proper Notice of Rights and Responsibilities and the proper related paperwork as required by the Family Medical Leave Act.

16. On or around September 23, 2018, Plaintiff left for Haiti in order to care for her father due to his serious health condition.

17. Within a week of Plaintiff's FMLA leave, multiple co-workers attempted to reach her inquiring if she was still working for Defendants, as they noticed her name had been taken off the schedule.

18. In or around October 2018, Plaintiff had her daughter meet with Defendants promptly after being informed her name had been taken off of the schedule. Defendants informed Plaintiff's daughter that they had not yet received the signed FMLA paperwork.

19. However, at all times Defendants were aware that Plaintiff had to be in Haiti for the paperwork to be signed by the doctor. Plaintiff traveled to her father's doctor in Haiti for him to sign the FMLA paperwork. Plaintiff's husband immediately faxed the signed form to Marie Balliett.

20. On or around October 22, 2018, Plaintiff received an email from Ms. Balliett approving her leave and providing a return to work date of on or around November 16, 2018.

21. Plaintiff was informed if she did not return to work on or around this November 16, 2018 date, then she would need to reapply for the job via the company's website, and there was no guarantee that her same position would be available.

22. Plaintiff returned to work as approved and expected on November 16, 2018. Within minutes after arriving, she was told by Defendants to wait in the lobby. Plaintiff was brought to Defendants' HR manager, Sonita, questioning Plaintiff's FMLA leave.

23. During this meeting, Plaintiff showed Sonita the email approval for her requested FMLA sent from Ms. Balliett on or around October 22, 2018.

24. Ms. Balliett was not present on the day of Plaintiff's return. Plaintiff was told to go home, informed she would hear from Defendants on Monday, November 19, 2018.

25. On or around November 19, 2018, rather than receiving a call from Defendants, Plaintiff received a letter denying her request for FMLA and subsequently terminating her from employment.

26. At all times, Defendants were aware of Plaintiff's father's serious medical condition and her need for leave due to her father's serious medical condition.

27. Plaintiff provided Defendants with proper notice which timely and adequately advised Defendants that Plaintiff's absences qualified as FMLA leave. Plaintiff understood that her leave was approved and that her Return to Work date was November 16, 2018.

28. Defendants provided no reason for terminating Plaintiff.

29. Defendants' termination of Plaintiff was an adverse employment action.

30. Defendants interfered and retaliated against Plaintiff by terminating Plaintiff for taking necessary leave which was covered under Plaintiff's approved FMLA leave.

31. As a result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer damages including loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future. Plaintiff has also suffered lost wages due to emotional distress as a result of her termination.

32. Plaintiff has exhausted all administrative remedies and has met all administrative prerequisites for bringing this action.

33. Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay Lytle & Barszcz attorney's fees and costs for their services.

### COUNT I
### FAMILY MEDICAL LEAVE ACT
### 29 U.S.C. 2601
### (Interference)

34. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiff was an eligible employee under the FMLA and entitled to leave.

36. Defendants violated the FMLA by interfering with Plaintiff's leave under the FMLA, denying Plaintiff the full benefits of her leave under the Act, by denying her certain conditions and benefits of employment because of her leave, by failing to provide her with proper notice under the FMLA, and by terminating her employment with Defendants for exercising her rights under the FMLA.

37. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

38. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following:

A. Backpay, front pay and compensatory damages;

B. Pre-judgment and post judgment interest;

C. Liquidated damages;

D. Attorney's fees and costs; and,

E. Such other relief this Court deems just and proper.

## COUNT II
## FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. 2615, *et. Seq.*
## (Retaliation)

39. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

40. Defendants violated the FMLA by retaliating against Plaintiff for making protected expressions and by exercising her rights under the FMLA.

41. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, other employment benefits and job opportunities and wages lost due to mental anguish and emotional distress. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

42. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following:

A. Backpay, front pay, compensatory damages and lost wages due to emotional distress;

B. Pre-judgment and post judgment interest;

C. Liquidated damages;

D. Attorney's fees and costs; and,

E. Such other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 3rd day of April 2020.

*/s/ Mary E. Lytle*
**Mary E. Lytle, Esq.**
Florida Bar No.: 0007950
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Dr., 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545

mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**